**\*NOT FOR PUBLICATION\***

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ES DISTRIBUTION, LLC and DACA DESIGN LLC, | |
| Plaintiffs, | Civil Action No. 20-469 (FLW) (DEA) |
| v. | **OPINION** |
| HANGTIME LLC, | |
| Defendant. | |

**WOLFSON, Chief Judge:**

Plaintiffs ES Distribution, LLC ("ESD") and DACA Design LLC ("DACA") (collectively "Plaintiffs") filed this action for patent infringement against Defendant Hangtime LLC ("Defendant"). Presently before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative to transfer the case to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1406(a). For the reasons set forth herein, Defendant's Motion to Transfer is **GRANTED**; this matter shall be transferred to the United States District Court for the District of New Mexico.

## I.    FACTUAL BACKGROUND & PROCEDURAL HISTORY[1]

ESD is a Delaware limited liability company with its principal place of business in Sudbury, Massachusetts. Compl. ¶ 2. DACA is a New York limited liability company with a principle

---

[1]    The recited facts are taken from the Complaint and accepted as true for the purposes of this Motion. *See Bockman v. First Amer. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (noting that on a motion to dismiss for improper venue, courts "accept as true all of the allegations of the complaint, unless those allegations are contradicted by the defendants' affidavits").

place of business in Garden City, New York. *Id.* ¶ 3. Defendant is a New Mexico limited liability

company with a principal place of business in Santa Fe, New Mexico. *Id.* at ¶ 4.

On January 14, 2020, Plaintiffs filed a Complaint against Defendant, alleging that

Defendant directly infringed U.S. Patent No. 9,060,588 (the "'588 Patent"), owned by DACA,

which "discloses and claims an apparatus for holding a portable electronic device" and permits a

user to "secure the apparatus to an article of clothing, or a lanyard to wear around the neck" to free

the user's hand." *Id.* ¶¶ 12–13. ESD is the exclusive licensee under the '588 Patent. *Id.* ¶ 15.

Plaintiffs allege that Defendant's KOALA phone harness product infringes at least one claim of

the '588 patent. *Id.* ¶¶ 20, 22.

On January 15, 2020, Defendant filed a declaratory judgment action seeking a declaration

of noninfringement against Plaintiffs in the United States District Court for the District of New

Mexico. *Hangtime LLC v. ES Distribution, LLC*, No. 20-47, ECF No. 1 (D.N.M. Jan. 15, 2020).

Plaintiffs moved to dismiss that action under the first-filed rule and for lack of personal jurisdiction.

*Hangtime*, No. 20-47, ECF No. 8 (D.N.M. Feb. 7, 2020). Following the filing of Plaintiffs' motion,

Defendant voluntarily dismissed its District of New Mexico case without prejudice on February

21, 2020. *Hangtime*, No. 20-47, ECF No. 11 (D.N.M. Feb. 21, 2020).

Defendant now moves to dismiss the Complaint for improper venue. Alternatively,

Defendant requests that this matter be transferred to the District of New Mexico. Plaintiffs oppose

the motion and contend that venue is proper in this District.

## II.     DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action

for improper venue. Venue in a patent infringement case is governed by 28 U.S.C. § 1400(b),

which provides that "[a]ny civil action for patent infringement may be brought in the judicial

district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." *See also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516–17 (2017) (affirming "that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute"). In that connection, "[w]hether venue is proper under § 1400(b) is an issue unique to patent law and is governed by Federal Circuit law." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1012 (Fed. Cir. 2018); *see also In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017); *Metuchen Pharms. LLC v. Empower Pharms. LLC*, No. 18-11406, 2018 WL 5669151, at *2 (D.N.J. Nov. 1, 2018) ("The law of the Federal Circuit, rather than that of the Third Circuit, governs the Court's patent venue analysis under § 1400(b)."). Under Federal Circuit law, "upon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d at 1013.

First, venue is proper under section 1400(b) in the District of New Mexico because, as Plaintiffs concede, Defendant is a New Mexico limited liability corporation with a principle place of business in Santa Fe, New Mexico. *See TC Heartland*, 137 S. Ct. at 1517. However, a plaintiff in a patent infringement action may also establish venue in a district where the defendant has committed acts of infringement and has an established place of business. *See id.* Plaintiffs contend that venue is also proper in this District based their allegation that Defendant committed acts of infringement and maintain a regular place of business in this District. Specifically, Plaintiffs allege in the Complaint that Defendant has a regular and established place of business at 1715 Oak Street, Suite 1, Lakewood, New Jersey. Compl. ¶ 6. While Defendant does not contest Plaintiffs' allegation that it committed infringing acts in New Jersey, it argues that venue is improper here because it does not have an established place of business in New Jersey. *See* Def. Moving Br., at

3–5.  Specifically, Defendant submits that the Lakewood address identified in the Complaint is not its regular and established place of business but, rather, the address for Fulfillrite LLC ("Fulfillrite"), a third-party fulfillment center that stores and ships Defendant's products.  Khalsa Decl. ¶¶ 6–8.  Defendant explains that its account with Fulfillrite "allows it to use Fulfillrite's order fulfillment services, in which Hangtime ships its KOALA products to Fulfillrite, which then stores and ships Hangtime's products to fulfill orders placed by [its] customers."  *Id.* ¶ 8

The Federal Circuit has set forth a three-prong analysis that governs the determination of what constitutes a defendant's "regular and established place of business" under §1400(b):  "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray*, 871 F.3d at 1360; *see also In re Google LLC*, 949 F.3d 1338, 1340 (Fed. Cir 2020).  Under the first prong, there must "be a physical, geographical location in the district from which the business of the defendant is carried out."  *In re Cray*, 871 F.3d at 1362.  This prong may be "satisfied by a branch office, sales showroom, or warehouse, a table at a flea market, shelf in a supermarket, or even a physical data server."  *Uni-Systems, LLC v. U.S. Tennis Assoc. Nat'l Tennis Ctr. Inc.*, No. 17-147, 2020 WL 1694490, at *8 (E.D.N.Y. Apr. 7, 2020) (citations omitted).  Next, the business must be "regular," in that, "it operates in a "steady[,] uniform[,] orderly[, and] methodical" manner," as "sporadic activity cannot create venue."  *Cray*, 871 F.3d at 1362.  (alterations in original).  Finally, the third prong requires that the place of business "be a place of the *defendant*," meaning "the defendant must establish or ratify the place of business."  *Id.* (emphasis added).  The Federal Circuit has identified a number of relevant considerations that may assist courts in determining whether a place of business is the place of the defendant, including whether the defendant: (a) owns or leases the place or exercises other attributes of possession or control over the place; (b) has conditioned

4

employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place; (c) markets or advertises to the extent it indicates that the defendant itself holds out a place for its business in the district; (d) represents that it has a place of business in the district; and (e) conducts similar activity at the place compared to the defendant's other places of business. *Id.* at 1363–64.

Here, Plaintiffs contend that the Fulfullrite Lakewood facility constitutes Defendant's regular and established place of business because (1) it is a physical place where Defendant's products are stored; (2) Fulfullrite conducts regular business there; and (3) Defendant has ratified the Fulfillrite facility by using its address as a return address on its shipments. *See* Pls. Opp. Br., at 8–13. Defendant, however, contends that the presence of a third-party distribution center, like Fulfillrite, cannot establish venue over a defendant in a patent case. Def.'s Reply, at 1–3.

Even assuming that the Fulfillrite facility is a "physical place," Plaintiffs have not demonstrated that Defendant conducts regular business at that facility or that the facility is "of the defendant." Looking first to whether Defendant conducts regular business at the Fulfillrite facility, Plaintiffs argue that this *Cray* factor is met by the fact that *Fulfillrite* conducts a regular and established business at the Lakewood distribution center. *See* Pls. Opp. Br., at 9. However, the Court's analysis must focus on whether *Defendant* conducts regular business in this District. *See In re Google*, 949 F.3d at 1345.

In *In re Google*, the Federal Circuit clarified that a "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Id.*; *see also Uni-Systems, LLC*, 2020 WL 1694490, at *10; *Modern Font Apps. LLC v. Peak Restaurant Ptrs. LLC*, No. 19-221, 2020 WL 1692744, at *2 (D. Utah Apr. 7, 2020) (observing that the second *Cray* prong

5

"requires that the defendant has the 'regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business'"). For example, in *In re Google*, the Federal Circuit determined that venue was improper in the Eastern District of Texas where Google maintained servers that were operated by third-party providers and did not have any employees or agents located in that District. *Id.* at 1340, 1344–45. In considering whether the third-party provider and its employees could be considered Google's "agents," the Federal Circuit applied a traditional definition of agency. *Id.* at 1345–46. Here, there is no indication that any employee of Defendant conducts Defendant's business at Fulfillrite. Nor does the Court find that Fulfillrite is Defendant's agent. While Defendant provides some instruction to Fulfillrite as to how it would prefer its shipments be made, Defendant has no power to control Fulfillrite's conduct.

Nor have Plaintiffs demonstrated that the Fulfillrite facility is "of the defendant." The *Cray* Court explained that to meet the third factor, "the defendant must establish or ratify the place of business." 871 F.3d at 1363. Relevant considerations for this factor include "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id.* However, "[t]he mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient; the defendant must actually engage in business from that location." *Id.* at 1364. Plaintiffs maintain that Defendant has ratified the Fulfillrite Lakewood facility as its place of business because Defendant's shipping labels and packing slips identify its mailing address as being in Lakewood, New Jersey. *See* Pls. Opp., at 6–7. Plaintiffs argue that the Lakewood address is the only address Defendant identifies to its customers. *Id.* at 10. This is insufficient evidence to suggest that Defendant has ratified the Fulfillrite facility as its place of business. The mere act of placing the Fulfillrite address on shipping labels does not suggest that

Defendant actually conducts its business in Lakewood, New Jersey.  Rather, it provides customers who order Defendant's products a clear address for shipping and potential returns.  Indeed, both Defendant's website and its product packaging identify Defendant's place of business in Santa Fe, New Mexico.  *See* Def.'s Reply, at 8–9.  As such, the Court finds that Plaintiffs have not demonstrated that the Fulfillrite facility is a regular and established place of business of the Defendant.  Accordingly, venue is not proper in this District.[2]

Nevertheless, where a matter has been filed in an improper venue, section 1406(a) permits a district court to, "in the interest of justice, transfer such case to any district or division in which it could have been brought."  As "[d]ismissal is considered to be a harsh remedy," transferring venue to another district court in which the action could originally have been brought is the preferred remedy.  *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998).  Here, the interests of justice favor transfer to the United States District Court for the District of New Mexico in lieu of dismissal.  As the Court determined above, the District of New Mexico is an appropriate venue for this matter as it is where Defendant is incorporated.  Accordingly, this matter will be transferred to the District of New Mexico.

---

[2]    Notably, other courts that have considered whether shipment facilities subject defendants to venue in patent actions have similarly determined that a defendant does not conduct "regular and established business" at the location of a warehouse that stores and ships its products.  *See, e.g.*, *Hildebrand v. Wilmar Corp.*, No. 17-2821, 2018 WL 1535505, at *3 (D. Colo. Mar. 29, 2018) ("Even assuming the distributors' stores constitute regular and established physical places of business in Colorado, they are not places "of the defendant.");  *Reflection, LLC v. Spire Collective LLC*, No. 17-1603, 2018 WL 310184, at *4 (S.D. Cal. Jan. 5, 2018) (finding that Amazon fulfillment center from which the defendant's products were shipped did not create venue in the district);  *CAO Lighting, Inc. v. Light Efficient Design*, No. 16-482, 2017 WL 4556717, at *3 (D. Idaho Oct. 11, 2017) (finding that even if distributor had regular and established place of business in Idaho, that place was not of the defendant).

**III.    CONCLUSION**

For the above reasons, Defendant's motion to dismiss, or alternatively, its motion to transfer, is hereby **GRANTED**. This matter will be transferred to the United States District Court for the District of New Mexico. An appropriate Order follows this Opinion.


**DATED**: November 13, 2020                         /s/Freda L. Wolfson
                                                     Freda L. Wolfson
                                                     U.S. Chief District Judge